IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PHILIN CORPORATION, a California corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. CV-04-1228-HU |
| v. | ) ) | |
| WESTHOOD, INC., an Oregon corporation, fka D.S. PARKLANE DEVELOPMENT, INC. | ) ) ) ) | FINDINGS & RECOMMENDATION |
| Defendant. | ) ) | |

Helen C. Tompkins
Law Office of Helen Tompkins
111 S.W. Columbia Street, Suite 1000
Portland, Oregon 97201

John S. Stone
John S. Stone, LLC
1500 S.W. First Avenue, Suite 770
Portland, Oregon 97201

John S. Cha
Stone Rosenblatt & Cha
21550 Oxnard Street, Main Plaza, Suite 200
Woodland Hills, California 91367

    Attorneys for Plaintiff

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

Joel A. Mullin
Beverly C. Pearman
STOEL RIVES LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Philin Corporation brings claims against defendant Westhood, Inc., for declaratory relief, breach of contract, breach of fiduciary duty, and demand for corporate records. Westhood moves for sanctions pursuant to Federal Rule of Civil Procedure 37. Westhood initially seeks to dismiss the case. Alternatively, Westhood seeks attorney's fees in connection with a previously-filed motion to compel. I recommend that the motion for sanctions be denied as to the dismissal request, and be granted in part and denied in part as to the fee request.

    More than two years has passed since the case was filed. The case got off to a slow start first because plaintiff did not serve defendant for almost four months after filing, and next because defendant successfully moved to disqualify plaintiff's original counsel. Following the resolution of that motion in the spring of 2005, new counsel for plaintiff appeared and a case schedule was established on May 26, 2005.

    Although plaintiff prevailed over defendant's objection in obtaining an additional eight months to complete discovery, plaintiff initiated no discovery during that period. In October and November 2005, defendant served a request for production of documents, requests for admissions, and interrogatories on plaintiff. Plaintiff's counsel told defendant's counsel he was going to withdraw from representing plaintiff in this action.

2 - FINDINGS & RECOMMENDATION

Plaintiff did respond to the requests for admission and production, but the responses were not complete. Plaintiff never responded to defendant's interrogatories.

In January 2006, plaintiff's counsel formally moved to withdraw. The motion was granted and plaintiff was given until March 3, 2006 to obtain new counsel. New counsel filed a notice of appearance on March 2, 2006.

Defendant initiated contact with plaintiff's new counsel and reminded plaintiff of the outstanding discovery requests. Plaintiff's counsel represented that plaintiff's principal, Mrs. Kwi-Ok Kim, was in Korea and that information was forthcoming. Plaintiff's counsel told defendant's counsel he expected to hear from Mrs. Kim in mid-April.

At the end of March 2006, defendant moved to dismiss for failure to prosecute, or alternatively to compel plaintiff's responses to the outstanding discovery requests. Plaintiff moved to extend discovery and other deadlines. At a hearing on April 14, 2006, I expressed concern over plaintiff's lack of diligence in prosecuting this case. Plaintiff's counsel indicated that it had a meeting set for the end of April to meet Mrs. Kim in Los Angeles. I ordered plaintiff to respond to the outstanding discovery no later than May 8, 2006, and set a further hearing on May 17, 2006.

At the May 17, 2006 hearing, I denied defendant's motion to dismiss for lack of prosecution and I granted in part and denied in part defendant's alternative motion to compel. Much of the denial of the motion to compel was due to plaintiff's having responded to the outstanding discovery requests by May 8, 2006, as I had ordered.

3 - FINDINGS & RECOMMENDATION

1        I also ordered Mrs. Kim, who had still not returned from Korea
2   despite plaintiff's earlier representation that she was to return
3   to the United States in late April, to bring with her from Korea
4   all of the documents relevant to this litigation, to have them in
5   her counsel's possession by May 26, 2006, and to produce them to
6   defendant by that date, with or without translations.  I further
7   ordered her to provide to her counsel a statement of what efforts
8   she had made and continued to make to locate relevant documents, in
9   the United States, Korea, or elsewhere.
10       Defendant filed this motion on June 1, 2006, seeking dismissal
11  of the case because Mrs. Kim returned from Korea without any
12  documents responsive to defendant's outstanding document requests.
13  Defendant argues that dismissal is warranted because Mrs. Kim
14  either intentionally deceived the Court about her activities while
15  in Korea or she violated the Court's order to produce documents by
16  May 26, 2006.
17  I.   Dismissal
18       Federal Rule of Civil Procedure 37(b)(2)(C), authorizes the
19  Court to dismiss an action for violation of a discovery order.
20  Defendant relies on this provision to support its argument that
21  Mrs. Kim's failure to produce documents obtained in Korea to
22  defendant by May 26, 2006, justifies dismissal of the action.
23  Alternatively, defendant relies on the Court's inherent authority
24  to argue for dismissal based on Mrs. Kim's alleged deception.
25       I recommend that defendant's request for dismissal be denied.
26  I do not find Mrs. Kim's conduct sufficiently egregious or
27  disingenuous to warrant dismissal.  While Mrs. Kim did not return
28  from Korea with documents responsive to defendant's requests,

4 - FINDINGS & RECOMMENDATION

defendant has no concrete facts to contradict her representation that she was searching for relevant documents or that her "team" was searching for relevant documents.  That she returned with no documents responsive to defendant's discovery requests does not, without more, prove, to a degree of certainty required for a sanction as drastic as dismissal, that she was never searching for such documents or that she failed to produce them in violation of my previous order.

Additionally, as to the 5,700 pages of documents produced to defendant in May 2006, defendant argues that dismissal is warranted because they were belatedly produced and Mrs. Kim's explanation for the timing of the production is implausible.  Again, defendant produces no concrete facts in support of its disbelief of Mrs. Kim's recitation of events.  However, even if defendant were correct, Mrs. Kim's actions in regard to the documents actually produced do not justify dismissal.

II.  Fees

Rule 37(a)(4) authorizes the Court to award attorney's fees to a party who prevails in a motion to compel.  Defendant seeks fees for its March 2006 motion to dismiss and alternative motion to compel.  Defendant contends that even though it did not prevail on the motion to dismiss, it is entitled to fees for both the motion to dismiss and the motion to compel because both motions were based on plaintiff's failure to prosecute as evidenced by its failure to respond, or respond adequately, to defendant's discovery requests.

Plaintiff contends that defendant is not entitled to fees for the motion because it responded to the requests before the hearing on the motion.  Plaintiff also contends that defendant's fee

5 - FINDINGS & RECOMMENDATION

request is unreasonable.

I reject plaintiff's argument that defendant is not entitled to fees. Defendant's motion was the catalyst for the production of documents and complete responses to other outstanding discovery requests. The fact that plaintiff provided the bulk of the documents and responses before the hearing is irrelevant to defendant's necessity in filing the motion. See Fed. R. Civ. P. 37(a)(4) (mandating, unless the court finds the presence of certain exceptions, an award of reasonable expenses "[i]f the motion is granted <u>or if the disclosure or requested discovery is provided after the motion was filed</u>[.]") (emphasis added).

I also reject defendant's position that it is entitled to fees for both motions. Regardless of the shared reasoning, defendant did not prevail on its dismissal request. Fees are appropriately rewarded only for the motion to compel. As detailed below, the number of hours spent on the motion to dismiss, and thus, deducted, is 20.1.

A. Reasonable Number of Hours

Exhibit 1 to the May 30, 2006 Affidavit of Joel Mullin is a chart of the requested attorney's fees.[1] First, in accordance with my recommended ruling above regarding awarding no fees for time spent on the motion to dismiss, I recommend that the following

---

[1] The chart reflects a request for $11,232 in fees. Defendant concedes in its reply memorandum that $270 for time spent by Beverly Pearman on May 12, 2006 in responding to plaintiff's motion to compel, should not be part of the request. Although defendant represents that subtracting the $270 from the original $11,232 request leaves an award of $11,205, defendant's computation is erroneous. Subtracting $270 from $11,232 leaves $10,962.

6 - FINDINGS & RECOMMENDATION

1  requested time be disallowed: 6.4 hours by Emily Edling on March
2  24, 2006, 3.5 hours by Beverly Pearman on May 10, 2006, 0.5 hours
3  by Joel Mullin on May 11, 2006, 4.9 hours by Pearman on May 11,
4  2006[2], 4.0 hours by Mullin on May 12, 2006[3], and 0.8 hours by
5  Pearman on May 15, 2006[4].

6      Second, I recommend that the initial conference among three
7  attorneys in commencing preparation for the motion be disallowed.
8  While defense counsel may choose to have multiple attorneys work on
9  a fairly simple and straightforward motion to compel, I conclude
10 that it is unjust to shift that particular expense to plaintiff.
11 Thus, I recommend that the following time be disallowed: 0.3 hours
12 by Mullin, 0.4 hours by Pearman, and 0.3 hours by Edling, all on
13 March 24, 2006.

14     Third, I recommend disallowing the 2 hours claimed by Pearman

---

[2] This entry by Pearman also suffers from a "block billing" problem which I have previously defined as billing a total number of hours for a day when more than one task, often many tasks, were performed, without specifying what portion of time was spent on each task. Frevach Land Co. v. Multnomah County, No. CV-99-1295-HU, Op. & Ord. at p. 21 (D. Or. Dec. 18, 2001). Moreover, even if I construe the task described as "review plaintiff's arguments and affidavits" as pertaining to the motion to compel as opposed to the motion to dismiss, it is the only one of the four tasks properly compensable here. Her other time is spent on the motion to dismiss and on a response to plaintiff's motion to compel.

[3] Mullin's entry reads "Revise draft opposition to motion to dismiss." Whether I construe this as revising the reply in support of defendant's motion to dismiss or as revising the opposition to plaintiff's motion to compel, the time should be disallowed as being spent on the dismissal motion or on responding to plaintiff's motion.

[4] This entry also claims unsegregated time for responding to plaintiff's motion to compel, a task not compensable in this motion.

7 - FINDINGS & RECOMMENDATION

for attending the May 17, 2006 hearing. Sending two attorneys to this hearing is a choice made by defendant and its counsel, but it is unjust to require plaintiff to pay for that choice.

Finally, in regard to the remaining entries, I make the following recommendations:

(1) March 27, 2006: I recommend awarding Mullin none of the 1.0 hour requested because none of the three tasks he spent time on is compensable. As noted above, I recommend awarding no fees for time spent on a motion to dismiss or for conferencing with other defense counsel. I also find no basis for awarding fees for time spent talking to a client in preparation for a motion to compel.

(2) March 28, 2006: I recommend awarding Mullin 0.3 hours for time spent on the meet and confer with plaintiff's counsel and 0.2 hours for time spent reviewing and revising the motion to compel;

(3) March 28, 2006: I recommend awarding Edling 0.5 hours for time spent on the motion to compel. Any additional time is unreasonable;

(4) May 4, 2006: I recommend awarding 0.2 hours to Mullin for time spent on an email to plaintiff's counsel;

(5) May 9, 2006: I recommend awarding 0.5 hours to Mullin for his additional analysis of plaintiff's filings[5] and 0.1 hours for time spent on a telephone call from the Court regarding the

---

[5] It is possible Mullin's reference to plaintiff's "filings" is to plaintiff's motion to compel, filed May 8, 2006, which would not be compensable in this motion, rather than to plaintiff's April 11, 2006 response to defendant's motion to dismiss and compel. However, plaintiff does not specifically challenge this entry and I give defendant the benefit of the doubt.

hearing on the motion to compel;

(6) May 10, 2006: I recommend disallowing the 0.3 hours requested by Mullin for a telephone call to his client;

(7) May 15, 2006: I recommend disallowing the 2.5 hours requested by Mullin. None of the time he spent is reasonably compensable here because it was spent communicating with his client, revising the motion to dismiss, or revising the opposition to plaintiff's motion to compel;

(8) May 17, 2006: I recommend allowing 3.0 hours for Mullin to prepare for and attend the May 17, 2006 hearing on the motion to dismiss and compel.

In sum, I recommend awarding 0.5 hours to Edling and 4.3 hours to Mullin.

B. Reasonable Hourly Rate

Defendant requests $400 per hour for Mullin's time and $215 per hour for Edling's time. Mullin states that he has practiced law for twenty-five years, the past twenty as a member of the Oregon State Bar. May 20, 2006 Mullin Affidavit. He further states that Edling is a first year associate. No other information about the education or experience of these attorneys is provided. The only other relevant information regarding the hourly rate is Mullin's statement that the rates charged for his time and for the attorneys working under his direction has been deemed reasonable by this and other courts. In support, he cites a single decision from this Court. Summit Properties v. New Tech. Elec. Contractors, Inc., No. CV-03-748-HA, Order (D. Or. Aug. 30, 2005).

This Court starts its analysis of a reasonable hourly fee by

9 - FINDINGS & RECOMMENDATION

1 looking to the Oregon State Bar Economic Survey[6]. In 2002, the
2 average hourly rate for a Portland attorney with twenty-one to
3 thirty years of experience was $227, while the median hourly rate
4 was $225. Rates ranged from $180 per hour in the twenty-fifth
5 percentile to $320 in the ninety-fifth percentile.

6     Adjusted for inflation[7], the average hourly rate in 2006 for
7 a Portland attorney with twenty-one to thirty years of experience
8 is approximately $255, the median is $253, with the twenty-fifth
9 percentile at approximately $202 per hour, and the ninety-fifth
10 percentile at approximately $360 per hour.

11     The other relevant rates to examine are those for business
12 litigators. In 2002, the average hourly rate for a Portland
13 corporate litigator was $222 with the median at $220. The twenty-
14 fifth percentile rate in this category was $185 while the ninety-
15 fifth percentile was $333.

16     Adjusted for inflation, the average hourly rate in 2006 for a
17 Portland business litigator is approximately $249, the median is
18 $247, with the twenty-fifth percentile at approximately $208 per
19 hour, and the ninety-fifth percentile at approximately $373 per
20 hour.

21     Mullin's requested $400 hourly rate exceeds even the ninety-

---

[6] Available at: www.osbar.org/surveys_research_econsurv02/econsurvey02.html.

[7] As seen in the Bureau of Labor Statistics website, the Consumer Price Index (Urban) for All Items shows an average inflation rate of 1.9% for 2003, 3.3% for 2004, and 3.4 percent for 2005. Available at: ftp://ftp.bls.gov/pub/special.requests.cpi.cpiai.txt. For the purposes of this Findings & Recommendation, I assume that the inflation rate for 2006 will be 3.4%.

10 - FINDINGS & RECOMMENDATION

fifth percentile rate for either the "years of experience" category or the "area of practice" category. While defendant's citation to Summit Properties shows that one judge in this Court awarded Mullin $385 per hour for work performed in 2005, several other judges in this Court have awarded much lower fees for attorneys with more than twenty years of practice. E.g., Fredrickson v. Consolidated Supply Corp., No. CV-05-1704-BR, 2006 WL 752587, at *4 (D. Or. Mar. 21, 2006) ($253 per hour for attorney practicing twenty-one years for research and drafting tasks); Lampert v. Clackamas County, No. CV-03-828-HA, Order at p. 2 (D. Or. Mar. 8, 2006) ($250 per hour for Portland attorney practicing thirty-one years); Duffy v. Oregon Youth Auth., No. CV-03-6013-HO, Order at p. 6 (D. Or. Feb. 3, 2006) ($225 per hour for work performed in 2005 by Portland attorney practicing twenty-one years).

Given that Mullin's twenty-five years of experience places him in the middle of the category for Portland attorneys with twenty-one to thirty years of experience, it is unreasonable to make an award at the high end of the range. Additionally, while the motion to compel occurred in the context of a corporate litigation case, it was not complex and did not require an extensive discussion of the relevance of unique or complicated documents. I conclude that a reasonable hourly rate for Mullin's time in connection with this motion is $260 per hour.

As for Edling, I conclude that a reasonable hourly rate for a first year associate in the Portland metropolitan area is $161, which is the average rate for a Portland attorney with one to three years of experience, adjusted for inflation.

Based on these rates, I recommend that defendant be awarded

11 - FINDINGS & RECOMMENDATION

$80.5 for Edling's time and $1,118 for Mullin's time, for a total award of $1,198.50.

## CONCLUSION

I recommend that defendant's motion for sanctions (#69) be denied regarding its request to dismiss the case, and granted in part and denied in part as to its request for fees incurred in prosecuting an earlier motion to compel.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 27, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due October 11, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this _____ day of _____, 2006.

Dennis James Hubel
United States Magistrate Judge

12 - FINDINGS & RECOMMENDATION