```
 1
 2
 3
 4
 5
 6
 7
 8
 9                  IN THE UNITED STATES DISTRICT COURT
10                       FOR THE DISTRICT OF OREGON
11  PHILIN CORPORATION, a         )
    California corporation,       )
12                                )
                     Plaintiff,   )    No. CV-04-1228-HU
13                                )
         v.                       )
14                                )
    WESTHOOD, INC., an Oregon     )
15  corporation, fka D.S.         )    FINDINGS & RECOMMENDATION/
    PARKLANE DEVELOPMENT, INC.    )    ORDER
16                                )
                     Defendant.   )
17  _____)
18
    Helen C. Tompkins
19  Law Office of Helen Tompkins
    111 S.W. Columbia Street, Suite 1000
20  Portland, Oregon 97201
21  John S. Stone
    John S. Stone, LLC
22  1500 S.W. First Avenue, Suite 770
    Portland, Oregon 97201
23
    John S. Cha
24  Stone Rosenblatt & Cha
    21550 Oxnard Street, Main Plaza, Suite 200
25  Woodland Hills, California 91367
26       Attorneys for Plaintiff
27  / / /
28  / / /

    1 - FINDINGS & RECOMMENDATION/ORDER
```

1  Joel A. Mullin
   Beverly C. Pearman
2  STOEL RIVES LLP
   900 S.W. Fifth Avenue, Suite 2600
3  Portland, Oregon 97204

4       Attorneys for Defendant

5  HUBEL, Magistrate Judge:

6       Plaintiff Philin Corporation brings claims against defendant
7  Westhood, Inc., for declaratory relief, breach of contract, breach
8  of fiduciary duty, and demand for corporate records.  Westhood,
9  having previously moved to dismiss the case as a sanction under
10 Federal Rule of Civil Procedure 37, presently renews its motion.
11 Additionally, all three of plaintiff's counsel have moved to
12 withdraw as counsel for plaintiff.  For the reasons explained
13 below, I grant the motions to withdraw, and I recommend that
14 defendant's motion to dismiss be granted with prejudice.

15      On September 12, 2006, I issued a Findings & Recommendation
16 denying defendant's previous motion to dismiss under Rule 37, but
17 granting, in part, defendant's alternative request for monetary
18 sanctions in the form of attorney's fees.  (Dkt # 113).  Judge
19 Jones adopted the Findings & Recommendation in a December 4, 2006
20 Order (Dkt #136).

21      In my September 12, 2006 Findings & Recommendation, I
22 thoroughly reviewed the history of the case, including my prior
23 expression of concern regarding plaintiff's lack of diligence in
24 prosecuting the case.  The case record also reveals that while I
25 continued to give plaintiff the benefit of the doubt and extended
26 opportunities for plaintiff to comply with court orders, I
27 expressed frustration and irritation at the very slow pace at which
28 plaintiff was proceeding with its case and at what appeared to be

2 - FINDINGS & RECOMMENDATION/ORDER

reluctance by plaintiff to provide relevant and material information to its counsel and to defendant.[1]

Although I previously concluded that plaintiff's actions did not warrant dismissal, I can no longer adhere to that conclusion. The following facts, developed immediately before and after the September 12, 2006 Findings & Recommendation, show that dismissal is the only appropriate sanction at this point.

Many of the relevant documents in this case are in Korean. A recurring issue has been the provision by plaintiff to defendant of English translations of documents. At a scheduling conference held June 13, 2006, I ordered plaintiff to complete the translation of documents by August 11, 2006. (Dkt # 78). The translations were to be ongoing, in the order proposed by plaintiff and concluding on August 11, 2006.

On August 11, 2006, plaintiff moved for an extension of time, to September 5, 2006, to complete the translations. Plaintiff cited a three-day illness of its translator as the basis for the motion. Additionally, plaintiff stated that it did not confer with defendant's counsel before filing the motion, as required by Local Rule 7.1(a), because of an earlier representation by defense counsel that it would not consent to additional requests by plaintiff to extend deadlines. In an August 15, 2006 Order, I allowed plaintiff's motion to extend the production deadline to September 5, 2006, although I noted the apparent lack of connection between the translator's three-day illness and the twenty-five day

---

[1] I have always intended my comments to be directed at plaintiff, as its counsel have continually been working diligently to move the case along.

3 - FINDINGS & RECOMMENDATION/ORDER

extension requested by plaintiff.  Aug. 15, 2006 Min. Ord. (dkt #105).   I also noted, however, that given defendant's representation in response to the motion to extend the translation production deadline to September 5, 2006, that despite its earlier representation about not consenting to extension requests, it was presently not adverse to reasonable requests for extensions and would work with opposing counsel, plaintiff must comply with Rule 7.1(a) on future extension motions.  I also advised plaintiff that it would "need to hire additional translator(s) rather than expect any further extensions of deadlines should its translator be unable to complete the project by the newly extended date," which was a date selected by plaintiff.  Id.  The summary of the August 15, 2006 Order in the docket sheet states unequivocally that the September 5, 2006 "deadline will not be further extended."  (Dkt #105).

    Despite my admonition in the August 15, 2006 Order, plaintiff sought another extension of time to produce the translated documents.  The motion was filed on the due date, September 5, 2006, and lacked the required conferral with opposing counsel. (Dkt # 109).  On September 13, 2006, I denied plaintiff's motion for failure to properly confer with opposing counsel pursuant to Local Rule 7.1(a), and gave plaintiff leave to renew the motion after appropriate conferral.  (Dkt #114).  Plaintiff never filed a renewed motion.  The only filings by plaintiff since September 13, 2006, have been a response by plaintiff to defendant's objections to the September 12, 2006 Findings & Recommendation, a memorandum and affidavit in opposition to the renewed motion to dismiss by defendant, and the motions to withdraw, along with their supporting

4 - FINDINGS & RECOMMENDATION/ORDER

affidavits.

Defendant seeks dismissal based on plaintiff's failure to comply with the August 11, 2006 Order that the translations be produced to defendant no later than September 5, 2006, and based on plaintiff's failure to properly confer with defendant before filing the September 5, 2006 motion to further extend the deadline, despite the Court's definitive statement that the September 5, 2006 deadline would not be further extended.

Plaintiff argues that the motion should be denied because it has been diligent in pursuing the case. Plaintiff argues that the full production of translated documents was not provided to defendant by September 5, 2006, because of the illness of the translator and an illness by one of plaintiff's counsel. Plaintiff also asserts that because it has now provided translations of a majority of what it deems are relevant documents, and the remaining documents are not relevant, its failure to comply with the September 5, 2006 deadline is, in essence, of no consequence - an argument of the "no harm, no foul" variety. For the reasons explained below, I reject plaintiff's arguments.

First, the translator's illness provided the basis for extending the deadline from August 11, 2006, to September 5, 2006. As noted in the August 15, 2006 Order granting plaintiff's motion to extend the August 11, 2006 deadline, the September 5, 2006 deadline was a date of plaintiff's own choosing, and afforded plaintiff an extension eight times as long as the translator's illness. Thus, the translator's illness is not plausibly cited as a basis for plaintiff's failure to meet the newly extended deadline of September 5, 2006.

5 - FINDINGS & RECOMMENDATION/ORDER

Second, plaintiff's counsel John Stone states that he became ill in "early September, 2006," resulting in a one-week hospitalization starting September 16, 2006, followed by a physician-ordered home convalescence until October 9, 2006. Stone Oct. 16, 2006 Affid. at ¶ 21. Perhaps, if Stone were the only attorney employed by plaintiff, his illness might warrant consideration with respect to plaintiff's failure to produce all the translated documents by September 5, 2006. But, plaintiff employed two other lawyers who could have facilitated the production of the documents. Thus, all of the facts, including that plaintiff hired three attorneys to represent it in this action, show that Stone's illness was not a cause of plaintiff's failure to meet the court-ordered September 5, 2006 deadline.

As noted above, following the denial of the September 5, 2006 motion to extend for failure to properly confer, plaintiff never renewed the motion. While the renewed motion would have likely been filed while Stone was ill, the fact that one of the other two attorneys representing plaintiff failed to renew it, reasonably leads to the conclusion that the non-renewal of the motion related to the client's non-cooperation, which is explained in the motions to withdraw.

In affidavits filed in support of the motion to withdraw, plaintiff's counsel note that plaintiff's principal, Mrs. Kim, was advised of the need for her to provide her "utmost cooperation" to advance the case, and that Mrs. Kim committed to provide counsel with financial resources, documents which could be authenticated, and witnesses who could support plaintiff's claims. Stone Oct. 26, 2006 Affid. at ¶¶ 9-11; Tompkins Oct. 26, 2006 Affid. at ¶ 7; Cha

6 - FINDINGS & RECOMMENDATION/ORDER

Oct. 26, 2006 Affid. at ¶ 7.

Stone further states that as of October 26, 2006, he had not been supplied with the financial resources, authenticated documents, or qualified witnesses with which to pursue plaintiff's case. Stone Oct. 26, 2006 Affid. at ¶ 16. He further states that no representative of plaintiff's has contacted local counsel to meet plaintiff's obligations in the case, or to explain why the necessary commitments have not been made. Id. Tompkins and Cha both state that because of plaintiff's lack of cooperation, and because plaintiff has not supplied the necessary financial resources, authenticated documents, or witnesses needed to pursue they case, they can no longer adequately represent plaintiff, and are unable to comply with the Court's orders. Tompkins Oct. 26, 2006 Affid. at ¶ 8; Cha Oct. 26, 2006 Affid. at ¶ 8.

The record in the case shows that the Court's and counsels' expectations have been clearly communicated to plaintiff, but plaintiff has consistently failed to meet its obligations and own deadlines. Presently, plaintiff itself fails to provide an explanation for why it is not meeting its obligations to prosecute the case. While not necessarily obvious before, the most recent facts adduced in the case make it clear that the client has not been compliant since the beginning of the case. The blame for the failure to meet the Court's September 5, 2006 deadline for production of the translated documents, and other deadlines and obligations, is not on counsel, but squarely on the client. While counsel has done an admirable job in offering an explanation for the client's failings, it is of no use when the client's failings are the source of the continued problems in the case.

7 - FINDINGS & RECOMMENDATION/ORDER

Federal Rule of Civil Procedure 37(b)(2)(C), authorizes the Court to dismiss an action for violation of a discovery order. As recently explained by the Ninth Circuit,

> Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

In re Phenylpropanolamine (PPA) Prods. Liab. Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation omitted). These factors are "not a series of conditions precedent," but a "way for a district judge to think about what to do." Id. (internal quotation omitted).

Here, plaintiff fails to respect the public's interest in expeditious resolution of litigation. "[D]elay in reaching the merits, . . ., is costly in money, memory, manageability, and confidence in the process." Id. at 1227. The delay caused by plaintiff's failure to comply with court orders in this case is unreasonable and without explanation.

Repeated non-compliance with case management orders seriously interferes with this Court's ability to manage its docket. Plaintiff's conduct has caused this Court to hold countless hearings, including requiring Mrs. Kim to appear in person with an interpreter so that the seriousness of plaintiff's conduct could be adequately explained directly by the Court, and to expend an inordinate amount of time resolving requests for extensions of time. Although the case has been pending for more than two years, it has failed to progress beyond the document discovery stage,

8 - FINDINGS & RECOMMENDATION/ORDER

prolonging the Court's carrying of the case on its case inventory.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Id. (internal quotation omitted). Additionally, "[p]rejudice is presumed from unreasonable delay. Id. at 1238. "Failing to produce documents as ordered is considered sufficient prejudice [and] [l]ate tender is no excuse." Id. at 1227. I find that defendant has been prejudiced by plaintiff's conduct.

While the public policy favoring disposition on the merits strongly counsels against dismissal, id. at 1228, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. Such is the case here.

I recognize that dismissal is a drastic sanction. However, plaintiff has been explicitly warned both by the Court and by its counsel, that failure to comply with court-ordered deadlines would result in dismissal of the case. Additionally, when the record demonstrates a pattern of noncompliance and delay in prosecution from the inception of the case, and such noncompliance and delay has continued in the face of explicit warnings regarding the consequences of the conduct, I can think of no sanction short of dismissal that will cure the underlying problem which, as noted above, is based on the client's own failings.

Furthermore, plaintiff's argument that dismissal is unwarranted because most of the relevant translated documents have been provided, and the remainder are not relevant, does not suggest dismissal is inappropriate. The fact remains that the September 5,

9 - FINDINGS & RECOMMENDATION/ORDER

2006 deadline, which applied to all translated documents, was not met and plaintiff has yet to provide an adequate explanation for its failure to meet that deadline. The fact remains that plaintiff's counsel all aver that plaintiff has failed to meet its obligations to them by not providing financial resources, documents, or witnesses in support of its case. And finally, it is not plaintiff's right to make a unilateral determination of the relevance of documents it has previously agreed to produce, especially when it never made an argument to the Court, before the expiration of the deadline for production, that some of the documents should not be produced on that basis.

Finally, given all of the facts recited in this and previous decisions in this case, and based on the case record as a whole, the only reasonable conclusion is that plaintiff's failure to cooperate with counsel, and with court orders, has been willful. Thus, considering all the relevant factors, I recommend that the case be dismissed. Plaintiff's counsel's motions to withdraw are granted.

## CONCLUSION

Defendant's renewed motion to dismiss (#121) should be granted with prejudice. Plaintiff's counsel's motions to withdraw (#128, 131) are granted.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due January 24, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.
/ / /

10 - FINDINGS & RECOMMENDATION/ORDER

If objections are filed, a response to the objections is due February 7, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this  9th  day of  January , 2007.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

11 - FINDINGS & RECOMMENDATION/ORDER